UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| REED TIMMER,<br>23520 Pondview Pl<br>Golden, CO 80401<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEDIALINKS TV, LLC d/b/a CGTN AMERICA,<br>2711 Centerville Rd<br>Wilmington, DE 19808<br><br>　　　　　Defendant. | Case No. |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Plaintiff Reed Timmer ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Medialinks TV, LLC d/b/a CGTN AMERICA ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides video journalism goods and services and owns the rights to these videos which Plaintiff licenses to online publications.

3. Defendant owns and operates a social media account on Facebook named as @CGTNAmerica (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Reed Timmer is an individual who is a citizen of the State of Colorado and maintains a principal place of business in Jefferson County, Colorado.

6. Upon information and belief, Defendant Medialinks TV, LLC d/b/a CGTN AMERICA, is a Washington, D.C. limited liability company with a principal place of business at 2711 Centerville Road, Wilmington in New Castle, Delaware and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in District of Columbia.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional videographer by trade who is the legal and rightful owner of videos which Plaintiff licenses to various online publications.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff's own protectable copyright interests.

14. The Account is a part of Defendant's popular and lucrative commercial enterprise.

15. The Account is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

16. On April 29, 2022, Plaintiff authored a video of a tornado ripping through a residential area of Andover, Kansas causing debris to swirl around it (the "*Video*"). A copy of the a still frame from the Video is attached hereto as Exhibit 1.

17. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

18. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

19. Plaintiff applied to the USCO to register the Video on June 3, 2022, under Application No. 1-11420424321.

20. The Video was registered by USCO on June 3, 2022, under Registration No. PA 2-360-287.

21. On May 9, 2022, Plaintiff first observed the Video on the Account in a post that is dated May 3, 2022. A copy of screengrab of Account including a still frame from the Video is attached hereto as Exhibit 2.

22. The Video was displayed at URL: https://www.facebook.com/watch/?v=707070060733972.

23. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video as is set forth in Exhibit "1" on

the Account.

24. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

25. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

26. The Infringement is an exact copy of the vast majority of Plaintiff's original video that was directly copied and stored by Defendant on the Account.

27. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Video.

28. Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

29. Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

30. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

31. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account, and exercised, and/or had the right and ability to exercise, such right.

32. Upon information and belief, Defendant monitors the content on its Account.

33. Upon information and belief, Defendant has received a financial benefit directly

attributable to the Infringement.

34. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its revenue generated through paid advertisements.

35. Upon information and belief, a large number of people have viewed the unlawful copy of the Video on the Account.

36. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

38. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

40. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

41. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

42. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

43. Defendant's reproduction of the Video and display of the Video constitutes willful

copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

44.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on the Account.

45.     As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

46.     As a result of the Defendant' violation of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

47.     As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

48.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief

as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: June 6, 2023

        **SANDERS LAW GROUP**

        By:   */s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY 11553
        Tel: (516) 203-7600
        Email: csanders@sanderslaw.group
        File No.: 126356

        *Attorneys for Plaintiff*